**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                             **Criminal Action No. 3:97-CR-17-1**
                                                    **(BAILEY)**

**DONALD CONRAD THOMAS**,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR REDUCED SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)

Pending before this Court are Petitioner's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582 (Doc. 365) and Petitioner's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582 (Doc. 379), both filed *pro se*. In his motions, the defendant seeks a reduction of his sentence under the 2011 the amendments to the Sentencing Guidelines.

This is a motion for a reduction in term of imprisonment under 18 U.S.C. § 3582(c)(2), which provides that a "court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements

1

issued by the Sentencing Commission."

In considering reductions under § 3582(c)(2), neither the appointment of counsel nor a hearing is required. ***United States v. Legree***, 205 F.3d 724 (4th Cir. 2000). As noted by the Fourth Circuit in ***Legree***, "[a] motion pursuant to § 3582(c) 'is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution.'" 205 F.3d at 730, quoting ***United States v. Tidwell***, 178 F.3d 946, 949 (7th Cir.), *cert. denied*, 528 U.S. 1023 (1999). In accord is ***United States v. Dunphy***, 551 F.3d 247 (4th Cir.), *cert. denied*, 129 S.Ct. 2401 (2009). *See* ***Dillon v. United States***, 130 S.Ct. 2683 (2010).

"In determining the amended guideline range, this court will only make changes to the corresponding guideline provision, which is affected by Amendment [706], and all other guideline decisions will remain unaffected." ***United States v. Gilliam***, 513 F.Supp.2d 594, 597 (W.D. Va. 2007), citing U.S.S.G. § 1B1.10.

In this case, the defendant entered a plea of guilty to the charge of conspiracy to possess with intent to distribute crack cocaine. The sentencing judge found that the total relevant conduct was in excess of 4.5 kilograms of cocaine base. The sentencing judge found a base offense level of 38, plus four levels for role in the offense and less two levels for acceptance of responsibility, for a total offense level of 40. The sentencing judge then granted a six level 5K1.1 departure for substantial assistance, resulting in a total offense level of 34. At criminal history category VI, this provided a guideline range of 210-262 months. The Court then sentenced the defendant to imprisonment for 240 months.

Under the 2007 amendments to the Sentencing Guidelines, there was no reduction

in guideline level when the relevant conduct includes 4.5 kilograms or more of cocaine base. Accordingly, application of the 2007 amendments did not reduce the guideline range for this defendant.

Under the 2011 amendments, the Court notes that the presentence report in this case (Doc. 293) finds the total relevant conduct attributable to the defendant to be 24 kilograms of cocaine base. The sentencing court adopted the factual findings in the presentence report, except for the departure for substantial assistance (Doc. 296).

With relevant conduct of 24 kilograms of cocaine base, the defendant's base level remains at level 38. Accordingly, application of the 2011 amendments does not reduce the guideline range for this defendant.

For the reasons stated above, Petitioner's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582 (Doc. 365) and Petitioner's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582 (Doc. 379), both filed *pro se* are **DENIED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to the defendant and to all counsel of record herein.

**DATED**: November 18, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE